BY THE COURT.
The fifty-fifth section of the chancery act, 29 O. L. 80, provides for appealing chancery cases, by giving notice and security within the time allowed by law, in case of appeals from judgments at law. The act regulating appeals at law, 29 O. L. 78, requires bond to be given within thirty days after the close of the term of the court at which the judgment is rendered, with security, to be approved by the clerk, in double the amount of the judgment,' or decree mentioned, “conditioned for the payment of the full amount of the condemnation money in the Supreme Court, and costs, in case judgment should be entered therein for the appellee.”
The decisions of this court for twenty years or more, under similar provisions, have been uniform, that inasmuch as the object of the legislature was security, other than that of the party to the record, that object is attained by a bond executed by the security alone, the party being more directly liable upon the judgment. It has repeatedly been held also, that if the penalty of the bond was in amount equal to double that of the judgment appealed from, it was *167 ■good, though for a much greater sum than was necessary; the object of the provision being to provide a bond in a sum not less than ■double the amount of the judgment, certainly to secure an amount sufficient to cover any contingent increase. It is no ground of objection by the appellee, that the appellant has given him greater security than he was bound to do. The act is the same in effect as if it read, in at least double the amount of the judgment, &c.
Doane and Dana, for the defendant, claim — •
1. That the land must be discharged of the incumbrance, before the dower attaches; 1 O. 542.
2. That the actual consideration of the deed may be looked into, though different from that expressed in it; 1 Coxe’s Dig. 144; 1 Paine, 525; 1 T. R. 133; 1 Bay. 137.
*That the condition' does not state the exact amount of the [166 judgment below is no objection; the bond being to Secure whatever sum may be recovered in the Supreme Court; the sum recovered In the judgment appealed from need not be named as such in the bond, further than is necessary to identify it, for the party ultimately recovering the judgment recovers his costs in both courts; the whole are his costs, and so they become a part of the judgment in the Supreme Court. The costs below are certified into this court, by the clerk of the court below. The only variance between this bond and the form of the bond prescribed in the act in case of appeals at law, is found in this, that in the law bond the wordcosis follows after the word condemnation, while in this bond, that word precedes the other. This will not vitiate the appeal.
The motion is overruled.
The cause was then brought on to hearing.
The complainant claims dower in one hundred and seven and a half acres of land, held by her late husband, under the following circumstances: The husband, in his lifetime, exchanged land with one Davis, under whom the defendant claims, and each conveyed to the other. Some doubt being entertained as to the title of the tract received by Davis, it was agreed between them, that if it failed, the parties were each to restore to the other his land again, and rescind the contract. The title did fail, and Davis and Coil each reconveyed to the other; but the complainant urged her husband not to execute the deed of reconveyance, and refused to unite with him in the reconveyance. He refused to comply with her wishes, saying that he would reconvey, and by so doing, die an honest man. The land held by that exchange is the same in which she now claims dower.
*168 3. The land is subject to the lien of the unpaid purchase-money which, in this case, is equal to the whole estate; Sug. Vend. 398; 2 Ves. 622; 6 Ves. 95; 1 John. Ch. 310.
THE COURT ordered a reference to a master, to report — 1. What the precise contract of exchange was. 2. What the land in which dower is claimed was worth at the death of Coil. 3. The amount 167] *of the rents and profits of the respective pieces, since Coil’s death — reserving the whole equity of the case until the coming in. of the report.